UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WALTER MENDOZA PEREZ,**
an individual,

Plaintiff,

v.

**ABA CONSTRUCTION, LLC**
A Domestic Limited Liability Company,
**ISAI BAUTISTA APARICIO,**
an individual

Defendants.

Hon.
Case No.

| **AVANTI LAW GROUP, PLLC** | |
|---|---|
| Robert Anthony Alvarez (P66954)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the relevant time period, Defendants failed to pay Plaintiff the minimum wage for all hours worked.

3. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

4. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

5. Plaintiff seeks a declaration that his rights were violated, an award of unpaid minimum and overtime wages, an award of unpaid commissions, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

8. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

9. Employees of Defendant ABA Construction, LLC (ABA) were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

10. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

11. Defendant ABA's annual gross volume of sales made or business done is not less than $500,000.

12. Defendant ABA employs more than two persons.

13. Defendant Isai Bautista Aparicio ("Aparicio") employs more than two persons.

14. Defendant ABA is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Byron Center, Michigan, within the United States Judicial District of the Western District of Michigan.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**PARTIES**

16. Plaintiff Walter Mendoza Perez is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

17. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

18. Defendant ABA Constriction, LLC (hereinafter referred to as "ABA") is a domestic limited liability company whose registered office is located at 2553 146th Ave SW, Byron Center, Michigan 49315. *Exhibit B*.

19. Defendant ABA is a company that specializes in roof replacement and installation on residential homes.

20. Defendant Isai Bautista Aparicio (hereinafter referred to as "Aparicio") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor and is the owner and resident agent of Defendant ABA.

21. Defendant Aparicio at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff's rate of compensation, and was responsible for compensating Plaintiff.

22. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

23. Plaintiff was employed by Defendant around August 2019 through June 15, 2022.

24. Plaintiff worked as a roofer for ABA.

25. Plaintiff ceased working for Defendants due to a work accident and injury.

26. During his employment, Plaintiff would work Monday through Saturday from 6 a.m. to 8 p.m and sometimes until 10 p.m.

27. Plaintiff would occasionally work on Sundays as well.

28. Plaintiff was compensated on a daily rate of $350 while working seven (7) days a week.

29. Plaintiff was to be paid on Fridays on a weekly basis, but Plaintiff was not paid on time.

30. There were times when Plaintiff noticed that there was money missing from his checks.

31. Two of his checks were missing two hundred dollars ($200) and there was one check where he was missing three hundred dollars ($300).

32. Plaintiff brought this to the attention of Defendant immediately and was told he would be re-compensated for the missing monies.

33. Plaintiff has yet to be compensated for these missing monies.

34. Plaintiff worked exclusively for Defendants.

35. Defendants were Plaintiff's only source of income.

36. Defendant Aparicio would inform Plaintiff of the job site for each day.

37. Defendant Aparicio would provide the tools and equipment needed for the job.

38. On June 15, 2022 Plaintiff was injured on the job and was unable to continue working for Defendants.

39. During his employment, Plaintiff worked for all Defendants.

40. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

41. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

42. Defendants did not compensate Plaintiff at a rate equal to one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

43. Defendants did not compensate Plaintiff at a rate equal to one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

44. Defendant did not pay Plaintiff his wages due on time as required by law.

## **WILLFUL VIOLATIONS OF THE FLSA**

45. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

46. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate equal to one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

47. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

48. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

49. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

50. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

51. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

52. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

53. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

54. Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

55. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *et seq.*, FAILURE TO PAY OVERTIME

56. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

57. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

58. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

59. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

60. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. § 206.

61. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

62. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

63. Defendants' violations of the FLSA were knowing and willful.

64. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

65. As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT III
## VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*, FAILURE TO PAY MINIMUM WAGE AND OVERTIME

66. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

67. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

68. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

69. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

70. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

71. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a workweek as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

72. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

73. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

74. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff his unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA; and

F. The Court grants such other and further relief as the Court may deem just or equitable.

Date: December 22, 2022         Respectfully Submitted,

*/s/   Robert Anthony Alvarez           .*
Robert Anthony Alvarez (P66954)

Attorney for Plaintiff
Avanti Law Group, PLLC

### REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date:   December 22, 2022            Respectfully Submitted,

                                     /s/   Robert Anthony Alvarez                .
                                     Robert Anthony Alvarez (P66954)
                                     Attorney for Plaintiff
                                     Avanti Law Group. PLLC

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 27.10.2022         /s/ _____
                                 Walter Mendoza Perez