UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER MENDOZA PEREZ,

     Plaintiffs,

v.

ABA CONSTRUCTION, LLC, and
ISAI BAUTISTA APARICIO,

     Defendants.
                                  /

Case No. 1:22-cv-1222

Hon. Ray Kent

**OPINION**

This matter is now before the Court on defendants ABA Construction, LLC and Isai Bautista Aparicio's Motion to dismiss (ECF No. 22).

     **I.**     **Discussion**

Defendants seek dismissal because plaintiff failed to obey scheduling orders and failed to prosecute this case. Defendants point out: that plaintiff failed to file disclosures in violation of Fed. R. Civ. P. 26(a)(1) and the Court's Case Management Order (CMO); that plaintiff failed to file responses to defendants' interrogatories, requests for production of documents, and requests for admissions; that plaintiff's counsel cancelled the early settlement conference; and, that plaintiff's counsel was unresponsive defendants' counsel's emails. *See* Motion at PageID.100-101; Defendants' Brief (ECF No. 22-1); Exhibits (ECF Nos. 22-2 through 22-5). For these reasons, defendants seek to dismiss this lawsuit with prejudice as a sanction pursuant to Fed. R. Civ. P. 16(f) or for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Here, the Court will proceed under Fed. R. Civ. P. 16(f)(1), which provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule

37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." The sanctions available under Fed. R. Civ. P. 16(f) include "dismissing the action or proceeding in whole or in part." *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Here, plaintiff did not respond to defendants' motion to dismiss as required by the court rules. Specifically, W.D. Mich. LCivR 7.1(a) requires that "[a]ny party opposing a written motion shall do so by filing and serving a brief conforming to these rules" and W.D. Mich. LCivR 7.2(c) requires that "[u]nless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials." A plaintiff's failure to file a response to a motion to dismiss is fatal to the plaintiff's position and deemed a waiver of opposition to the relief sought in the motion. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim for breach of fiduciary duty amounts to a forfeiture of that claim). *See also*, *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (same); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (granting defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*). Based on this record, the Court will grant defendants' unopposed motion to dismiss without prejudice pursuant to Fed. R. Civ. P. 16(f)(1) and Fed. R. Civ. P. 37(b)(2)(a)(v).

Defendants also seek attorney's fees in the amount of $4,335.00 pursuant to Fed. R. Civ. P. 16(f)(2) which provides that,

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

*See* Osborn Affidavit (ECF No. 22-6).  Upon due consideration, the Court concludes that attorney's fees in the amount of $2,000.00 are appropriate in this case.

## II.     Conclusion

Accordingly, defendants' motion to dismiss for failure to prosecute (ECF No. 22) will be **GRANTED** and this case will be dismissed without prejudice.  Defendants' request for attorney's fees will be **GRANTED** in the amount of $2,000.00.   A separate order consistent with this opinion will enter.

Dated:  September 11, 2024            /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge